UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | |
|---|---|
| **RONALD WIGGINS,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | Case No. 06-CV-2169 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

On September 7, 2006, Petitioner, Ronald Wiggins, filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. Later, on November 8, 2006, Petitioner filed a Memorandum and Brief in Support (#5). In his Memorandum, Petitioner claims that he is entitled to an order vacating his conviction and sentence because he was denied the effective assistance of counsel at trial and because this court made errors when it imposed Petitioner's sentence. On March 20, 2007, the Government filed its Response to Petitioner's Motion under 28 U.S.C. § 2255 (#8). On April 27, 2007, Petitioner filed his Reply (#10). This court has carefully considered the arguments raised by the parties and the record in this case. Following this careful and thorough review, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DENIED.

FACTS

On May 8, 2003, in Case No. 03-20032, Petitioner was charged by indictment with bank robbery, in violation of 18 U.S.C. § 2113(a). A jury trial commenced on November 3, 2003. At trial, the Government presented witnesses who testified that the Land of Lincoln Credit Union was robbed on April 19, 2003, at approximately 10:30 a.m. The Government also presented witnesses who identified Petitioner as the person who committed the robbery. Bank security camera photographs were shown to the jury, and evidence was presented that Petitioner was identified as the robber based

upon the photographs of the robber taken by the bank security camera. Evidence was also presented that law enforcement officers stopped Petitioner for a traffic violation the morning of April 30, 2003. The officers conducted a routine identification check and were advised that there was a federal warrant for Petitioner's arrest. After arresting Petitioner, the officers seized $9,500 from a box in the trunk of the car and more than $500 from Petitioner's pants pockets. As he was being placed in the squad car, Petitioner exclaimed that the money was "not bank robbery money." The evidence showed that four of the bills found on Petitioner at the time of his arrest were prerecorded "bait bills" taken during the robbery of the credit union.

On November 4, 2003, the jury found Petitioner guilty of bank robbery. On February 6, 2004, a sentencing hearing was held. Because Petitioner had two prior controlled substance offenses, he was a "career offender" under the sentencing guidelines, making the guideline range 210 to 262 months. However, the statutory maximum sentence for Petitioner's offense was 240 months, and this court sentenced Petitioner to the statutory maximum term of 240 months in the Federal Bureau of Prisons. Petitioner was also sentenced to three years of supervised release and was ordered to pay $19,430 in restitution and a $100 special assessment.

Petitioner filed a Notice of Appeal. Petitioner's appellate counsel filed an <u>Anders</u> brief, and Petitioner responded. The Seventh Circuit, after addressing the possible issues raised in the <u>Anders</u> brief as well as the arguments Petitioner raised in his response, granted appellate counsel's motion to withdraw and dismissed the appeal. <u>United States v. Wiggins</u>, 138 Fed.Appx. 842 (7th Cir. 2005) (unpublished order). In doing so, the Seventh Circuit noted that the evidence of Petitioner's guilt was overwhelming. <u>Wiggins</u>, 138 Fed.Appx. 842, at *1.

On September 7, 2006, Petitioner filed his pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. Petitioner later filed a Memorandum and Brief (#5) and

set out four grounds for relief: (1) that he was denied the effective assistance of trial counsel because (a) his appointed counsel did not present a defense, even though Petitioner provided him with the names of alibi witnesses, (b) his appointed counsel did not request a mental evaluation even though Petitioner has a third grade education level and was unable to understand the proceedings and assist in his defense, (c) his appointed counsel did not effectively cross-examine the Government's witnesses, and (d) his appointed counsel did not adequately explain the plea agreement proposed by the Government; (2) he was denied the effective assistance of counsel because his counsel did not seek a downward departure from the applicable sentencing guideline range based upon his educational impairment; (3) he was denied the effective assistance of counsel because his appointed counsel stipulated to an element of the charged offense, that the credit union was federally insured; and (4) this court inappropriately increased Petitioner's sentence based upon hearsay evidence and facts which were not found by the jury beyond a reasonable doubt and inappropriately increased his sentence by including a term of supervised release.

Petitioner attached his own affidavit in support of his claims. In his affidavit, Petitioner stated that his counsel told him that the Government was interested in offering him a plea and that he should consider the benefit that a plea may provide to him. Petitioner stated that he explained to his counsel that he "had a[n] impairment in respect to [his] education" and "could not read and comprehend any legal documents." Petitioner stated that due to his "inability to read and comprehend the complex documents and to follow the legal language" he could not follow the proceedings in his case. Petitioner also stated that he told his counsel that he was with family members at a get together where they were "cooking and drinking" (presumably at the time of the credit union robbery). He stated that he gave his counsel the names, addresses, and telephone numbers of these family members. Petitioner stated that his counsel never contacted these family members.

The Government filed its Response (#8) and attached the affidavit of Petitioner's trial counsel, John C. Taylor. In his affidavit, Taylor stated that he has been an attorney for approximately 27 years and has represented over 1,000 clients in criminal proceedings in state and federal courts in Illinois. Taylor stated that he personally reviewed discovery documents with Petitioner, page by page, and thoroughly explored all defenses reasonably available. Taylor stated that Petitioner verbally advised him of four alibi witnesses: Lewis Wiggins, David Wiggins, Tanji Wiggins, and Nakima Robertson. Taylor stated that he investigated all of these alibi witnesses. He stated that he was unable to locate some of the witnesses and, "as to the witnesses he did interview, none could establish a credible alibi for [Petitioner]." Taylor stated that, in all of his meetings and discussions with Petitioner, Petitioner "never displayed, indicated, or discussed any mental condition as a result of which he could not read or understand documents, specifically legal documents." Taylor stated that, "[t]o the contrary, [his] observations showed [Petitioner] was well able to read and write and clearly understand the discovery and pleadings in this case." Taylor stated that he discussed a proposed plea agreement with Petitioner, and Petitioner rejected the plea agreement and told Taylor he wished to proceed to trial. Taylor stated that he discussed with Petitioner the stipulation that the deposits in the credit union were insured by the National Credit Union Association. Taylor stated that a review of the discovery revealed there was no material dispute as to this fact.

Petitioner filed a Reply (#10) and, in response to Taylor's affidavit, attached records from his GED tests at the Greenville Federal Correctional Institution. Unfortunately, the records list numbers which are apparently Petitioner's scores on tests but do not provide any explanation regarding what the test scores mean.

## ANALYSIS

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary

situations.  Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996), citing Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993).  Accordingly, a petitioner may avail himself of relief under § 2255 only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice."  Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995).  An evidentiary hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001), quoting 28 U.S.C. § 2255.  A hearing is not necessary if the petitioner makes allegations that are "vague, conclusory, or palpably incredible," rather than "detailed and specific."  Bruce, 256 F.3d at 597, quoting Machibroda v. United States, 368 U.S. 487, 495 (1962).  "[I]f there is no reason to suppose that a hearing would produce evidence justifying the grant of a new trial, there is no reason to hold a hearing."  United States v. Joiner, 847 F. Supp. 604, 607 (N.D. Ill. 1994), aff'd 78 F.3d 586 (7th Cir. 1996) (unpublished order), quoting United States v. Taglia, 922 F.2d 413, 419 (7th Cir. 1991).

Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner has not included any claims which would warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.  This court notes that Petitioner was convicted following a jury trial at which the Government presented overwhelming evidence of Petitioner's guilt, including eyewitnesses who identified Petitioner as the person who robbed the credit union and evidence that Petitioner was in possession of a large amount of cash following the robbery, including "bait bills" taken during the robbery of the credit union.  See Wiggins, 138 Fed.Appx. 842, at *1.

## GROUND ONE

Petitioner has claimed that he was denied the effective assistance of counsel in various ways.

To prevail on such a claim, a petitioner must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the petitioner. See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). To establish that the attorney's performance was objectively unreasonable, a petitioner must overcome "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689; see also United States v. Arrington, 2001 WL 789220, at *4 (N.D. Ill. 2001). Furthermore, to establish prejudice, a petitioner must demonstrate a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Accordingly, Petitioner bears a heavy burden in establishing an ineffective assistance of counsel claim. See Arrington, 2001 WL 789220, at *4; see also Reeves v. United States, 255 F.3d 389, 393 (7th Cir. 2001).

Petitioner has argued that his counsel was ineffective for not presenting a defense at trial. Specifically, Petitioner claims that his counsel did not present alibi witnesses. In his affidavit, Petitioner stated that he provided his counsel with names, addresses and telephone numbers of witnesses and his counsel did not contact these witnesses. Petitioner did not provide affidavits from any of these witnesses setting out the testimony the witnesses could have provided. Without any evidence regarding the testimony the proposed witnesses would have provided, this court cannot make a determination that the Petitioner was denied the effective assistance of counsel because he has not shown that his counsel's representation fell below an objective standard of reasonableness when counsel did not call the witnesses to testify. See Joiner, 847 F. Supp. at 610; cf. Bruce, 256 F.3d at 596-600 (Seventh Circuit remanded case for an evidentiary hearing where the petitioner

proffered the affidavits of two witnesses who claimed to have been with the petitioner at the time two of the charged offenses occurred and the Government provided only a conclusory affidavit from defense counsel in response). This court further notes that Taylor stated in his affidavit that he did investigate these witnesses and determined that the witnesses he was able to locate and talk to could not provide credible alibi testimony. It is well settled that defense counsel is not obliged to present each and every witness that is suggested to him. See United States v. Best, 426 F.3d 937, 945-47 (7th Cir. 2006); United States v. Williams, 106 F.3d 1362, 1367 (7th Cir. 1997).

Moreover, this court agrees with the Government that Petitioner has not met his burden to show that he was prejudiced by his counsel's failure to call these alibi witnesses. As noted, Petitioner has not provided any affidavits showing what testimony the witnesses could have provided and has therefore not demonstrated a reasonable probability that the result of the proceedings would have been different if the witnesses would have been called to testify. See Joiner, 847 F. Supp. at 610; see also Lenoir v. United States, 2005 WL 2990630, at *3 (N.D. Ind. 2005) (conclusory allegations regarding favorable witnesses not sufficient to satisfy the prejudice prong of the Strickland standard). This court further concludes that the Government is correct that Petitioner has not explained how testimony from family members would counter the eyewitness testimony from various witnesses who identified Petitioner as the robber, surveillance photographs of the robber from the credit union, and evidence that Petitioner was in possession of a large sum of money, including bait money from the credit union robbery. This court must agree with the Government that Petitioner has utterly failed to show a reasonable probability that the outcome of his trial would have been different had his counsel called these alibi witnesses.

Petitioner also argued that his counsel was ineffective because he did not request a

competency examination based upon Petitioner's "educational impairment" and inability to comprehend the proceedings in his case. The Government argued in response that the record was barren of any indication that Petitioner was anything other than fully aware of the facts, circumstances and proceedings in his case. The Government attached Taylor's affidavit in which Taylor stated that his observations showed that Petitioner "was well able to read and write and clearly understand the discovery and pleadings in this case." The Government also argued that Petitioner did not show how he was prejudiced by the lack of a competency examination.

In his Reply, Petitioner claimed that the records he attached show that he has "a below average reading and writing ability" and has not been able to pass the test and obtain his GED certificate. As noted previously, this court can make no assessment of Petitioner's reading or educational skills based upon the records he provided. In fact, one of the documents seems to state that Petitioner is "English Proficient" and that his "GED Progress [is] Satisfactory." This court further notes that the relevant statute provides that a mental competency hearing may be requested "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); see also United States v. O'Neal, 969 F.2d 512, 514 (7th Cir. 1992). Even if this court accepted Petitioner's assertion that he has an educational impairment and limited reading skills, it is highly unlikely that this would meet the standard for requiring a mental competency examination. See O'Neal, 969 F.2d at 514 (mental competency hearing required only where there is reasonable cause to suspect that the defendant may be mentally incompetent). This court therefore agrees with the Government that Petitioner has not shown there was any basis for his counsel to request a mental competency examination. This court further agrees with the Government that Petitioner has not shown prejudice

because he has not shown how the outcome of the case might have been affected by a mental competency examination. See O'Neal, 969 F.2d at 514-15.

Petitioner also, with no elaboration, contended that his counsel did not adequately cross-examine the Government's witnesses. This court has reviewed the transcript of the trial in this case and agrees with the Government that Petitioner's counsel was well prepared, effectively cross-examined prosecution witnesses and gave a compelling closing argument. Accordingly, this argument fails.

Petitioner has also claimed that his counsel failed to explain to him the "essence" of the plea agreements proposed by the Government.[1] Petitioner contended that he was unable to understand the complex language included in the proposed agreements. This court concludes, however, that Petitioner clearly has not shown prejudice. Prejudice in this context means "a reasonable probability that, but for counsel's inadequate performance, [Petitioner] would have accepted the government's offer." Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998). In his affidavit, Petitioner did not state that he would have accepted the Government's plea offer and admitted his guilt if his counsel had performed adequately. Indeed, Petitioner's Reply makes clear that he fully intended to exercise his right to proceed to trial. This is consistent with Taylor's affidavit which states that he discussed a proposed plea agreement with Petitioner, and Petitioner rejected the plea agreement and told Taylor he wished to proceed to trial. This court therefore concludes that this argument is without merit.

GROUND TWO

---

[1] This court notes that this is somewhat contrary to Petitioner's statement in his own affidavit that his counsel told him he should consider the benefit a plea could provide for him.

Petitioner contended that his counsel was ineffective because he failed to argue at sentencing that Petitioner's educational impairment should be considered a mitigating factor and present evidence regarding this educational impairment in mitigation. This court concludes that this argument is without merit because there is no reasonable probability that such an argument would have resulted in a reduced sentence in this case. At sentencing, this court discussed Petitioner's extensive criminal history and his pattern of committing serious crimes. This court noted that the maximum sentence allowed under the statute was 240 months and stated that Petitioner "would receive more than 20 years if I could do it." Accordingly, this court concludes that Petitioner cannot show he was prejudiced by the fact that his counsel did not make an argument "doomed to certain failure." See Arrington, 2001 WL 789220, at *4.

## GROUND THREE

For his third ground for relief, Petitioner claims that his counsel was ineffective when he stipulated to an element of the offense, that the credit union was federally insured. Petitioner has not set forth any evidence suggesting that the deposits of the credit union were not federally insured at the time of the robbery. This court therefore agrees with the district court in Arrington that this argument is baseless. See Arrington, 2001 WL 789220, at *5. As the court stated in Arrington, the stipulation was a simple trial accommodation to avoid the prosecutor's having to produce a sufficient certificate of insurance, call credit union officials to testify or take other measures to satisfy this legal requirement. See Arrington, 2001 WL 789220, at *5. This court further agrees that "[t]here was nothing unprofessional about this" and that the stipulation did not prejudice the defense because this court believes, without hesitation, that the Government would have established that the credit union was federally insured if Petitioner's counsel had not entered into the stipulation. See

Arrington, 2001 WL 789220, at *5.

GROUND FOUR

Petitioner's final argument is that he was prejudiced at sentencing because this court considered evidence which was not proved beyond a reasonable doubt to a jury, in violation of Blakely v. Wash., 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000). Specifically, Petitioner stated that he "objected to the use of prior convictions on the basis that they were being found under a lesser standard of proof." Petitioner also argued that this court improperly considered hearsay testimony presented at the sentencing hearing. This court agrees with the Government that Petitioner's sentencing arguments were rejected by the Seventh Circuit and are without merit. This court first notes that the United States Supreme Court expanded its Apprendi holding in Blakely and made Blakely applicable to the federal sentencing guidelines in United States v. Booker, 543 U.S. 220 (2005). In its decision in this case, the Seventh Circuit concluded that any challenge of Petitioner's sentence under Booker would be frivolous "because the evidence concerning [Petitioner's] uncharged crimes did not increase the guideline range." Wiggins, 138 Fed.Appx. 842, at *2. The Seventh Circuit also found that any argument regarding [Petitioner's] two prior convictions would be frivolous "because his two prior convictions under Illinois law for manufacturing or possessing controlled substances with the intent to deliver was all the information the judge needed to know that [Petitioner] had the requisite priors for career offender status." Wiggins, 138 Fed.Appx. 842, at *2.

"In the context of § 2255 petitions, the 'law of the case' doctrine dictates that 'once [the Seventh Circuit] has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case,

unless there is some good reason for reexamining it.'" United States v. Fuller, 398 F.3d 644, 648 (7th Cir. 2005), quoting United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986); see also Norris v. United States, 687 F.2d 899, 900 (7th Cir. 1982). Petitioner has not provided any basis for this court to reconsider the Seventh Circuit's well reasoned conclusion regarding these sentencing issues. This court further notes that it is well settled that, "[a]t a sentencing hearing, the rules of evidence do not apply and the sentencing judge is free to consider a wide range of evidence including hearsay." Suggs v. United States, 2006 WL 449031, at *7 (S.D. Ill. 2006), quoting United States v. Hardamon, 188 F.3d 843, 849 (7th Cir. 1999); see also United States v. Martinez, 289 F.3d 1023, 1028-29 (7th Cir. 2002).

Petitioner also argued that this court improperly increased his sentence by imposing a term of supervised release. This is nonsense. The Government is correct that this court was authorized by the applicable statute to impose a term of supervised release. See 18 U.S.C. § 3583.

## CONCLUSION

For all of the reasons stated, this court concludes that Petitioner is not entitled to relief, and this court declines to hold an evidentiary hearing to evaluate his claims further.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 3rd day of December , 2007

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE