UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **RONALD WIGGINS,** )<br>)<br>**Petitioner,** )<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** ) | **Case No. 06-CV-2169** |

## OPINION

On January 31, 2013, Petitioner, Ronald Wiggins, filed a pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#27) which he has recognized is a second or successive motion. Because this court does not have jurisdiction over Petitioner's second or successive motion, Petitioner's Motion (#27) is dismissed..

ANALYSIS

Petitioner filed a Motion under 28 U.S.C. § 2255 (#1) on September 7, 2006. On December 3, 2007, this court entered an Opinion (#11) which denied Petitioner's Motion following a thorough discussion of the issues raised by Petitioner, including his claim that he was denied the effective assistance of counsel, and the reasons they were without merit. Petitioner appealed, and the Seventh Circuit denied his request for a certificate of appealability on April 8, 2008.

In his current pro se Motion under § 2255 (#27), Petitioner has challenged his conviction and once again argues that he was denied the effective assistance of counsel. Petitioner's Motion, brought pursuant to § 2255, "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals." See

United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007). Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A); Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). "A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255. Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed. See Nunez, 96 F.3d at 991.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether

Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence (#27) is dismissed for lack of jurisdiction.

ENTERED this 1st day of February, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE