UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONALD WIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 06-CV-2169 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION**

On May 5, 2014, Petitioner, Ronald Wiggins, filed a pro se Motion Under 28 U.S.C. § 2255 (#42). Petitioner stated that the Motion was brought pursuant to the decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013). Because this court does not have jurisdiction over Petitioner's second or successive motion, Petitioner's Motion (#42) is dismissed.

BACKGROUND

On September 7, 2006, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under § 2255 (#1). On December 3, 2007, this court entered a lengthy Opinion (#11) which, after careful and thorough review, denied Petitioner's pro se Motion (#1). Petitioner appealed. On June 3, 2008, the Seventh Circuit issued its Mandate (#25) and denied a certificate of appealability (#26).

On January 31, 2013, Petitioner filed another Motion to Vacate, Set Aside or Correct Sentence under § 2255 (#27). On February 1, 2013, this court entered an Opinion (#28) and dismissed Petitioner's Motion. This court stated that, because the Seventh Circuit had not

authorized the filing of a second or successive motion pursuant to § 2255, this court was without jurisdiction to entertain Petitioner's Motion. Petitioner again appealed. On December 2, 2013, the Seventh Circuit issued its Mandate (#41) and stated:

> The district court was correct that Wiggin's motion was successive. It also correctly dismissed the motion because Wiggins had not obtained authorization from this court to file it. See *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005); *United States v. Scott*, 414 F.3d 815, 816-17 (7th Cir. 2005). Wiggins still has not asked this court for authorization. If he wishes to pursue his second § 2255 motion, however, he needs that authorization.

The Seventh Circuit then denied Petitioner's request for a certificate of appealability.

ANALYSIS

Petitioner has now filed yet another Motion under § 2255 (#42). Petitioner's Motion is successive and this court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Scott,* 414 F.3d at 616-17; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of this second or successive motion brought under § 2255. Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed. *See Nunez*, 96 F.3d at 991.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion (#42) is dismissed for lack of jurisdiction.

(2) A certificate of appealability is DENIED.

ENTERED this 7th day of May, 2014.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE